UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK
_____
PATRICK TRACY,
          Plaintiff,

                                                  5:01-CV-0500(NPM/GHL)
        vs.

PATRICK J. FRESHWATER;
PETER MESKILL, Tompkins
County Sheriff, and the TOMPKINS
COUNTY SHERIF'S DEPARTMENT,
          Defendants,
_____

APPEARANCES:                                        OF COUNSEL
PATRICK TRACY
Plaintiff *pro se*
06499-028
FPC Terre Haute
P.O. Box 33
Terre Haute, IN 47801-2014

COUNTY OF TOMPKINS                      JONATHAN WOOD
Attorney for Defendants                      County Attorney
125 East Court Streeet
Ithaca, NY 14850

NEAL P. MCCURN, SR. J.

MEMORANDUM DECISION AND ORDER

      On July 31, 2007, this Court[1] issued an Order granting summary judgment in favor of Defendants. Plaintiff, proceeding *pro se*, now moves for reconsideration of or relief from that decision under Federal Rule of Civil Procedure 59(e).

---

[1] By order (Dkt. No.176) dated March 28, 2008, this case. previously assigned to Senior Judge Howard G. Munson, was reassigned to Senior Judge Neal P. McCurn.

First, the court needs to determine if this motion has been properly presented under Fed.R.Civ.P. 59(e) - "[m]otion to alter or amend judgment-or Fed.R.Civ.P. 60(b)- "[r]elief from judgment or order" . The Second Circuit Court of Appeals has long held that a post-judgment motion made within 10 days of entry of judgment that seeks reconsideration of matters properly encompassed within a decision on the merits is a motion under Rule 59(e). Jones v. UNUM Life Insurance Co. of America, 223 F.3d 130, 137 (2d Cir.2000). "[M]otions filed after the 10-day period, no matter how styled, are to be treated as Rule 60(b)(1) motions seeking relief from the judgment. Feldberg v. Quechee Lakes Corp., 463 F.3d 195, 198-99 (2d Cir.2006). The docket sheet in the instant case shows that Defendants' motion for summary judgment was granted on July 31, 2007, and Plaintiff's present Rule 59e motion was filed on August 20, 2007. While these entries clearly indicate that Plaintiff's motion was not timely filed, nevertheless, the prison mail box rule provided a timely filing of Plaintiff's motion.

The prison mailbox rule provides that a *pro se* inmate's motion is deemed filed on the date it is given to prison officials. Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed.2d 245 (1988) (establishing the prison mailbox rule)  In cases where it is unclear when the inmate gave his petition to prison officials, courts have assumed that the petitioner submitted the petition on the same date it was purportedly signed and dated. Porter v. Greiner, 2005 WL 3344828, at *7 (E.D.N.Y. Nov. 18, 2005); Corrigan v. Barbery, 371 F.Supp.2d 325, 328 n. 4 (W.D.N.Y.2005); Pack v. Artuz, 348 F.Supp.2d 63, 66 n. 2 (S.D.N.Y.2004). The rule is premised on the *pro se* inmate's lack of control - his dependence on the prison mail system and lack of counsel to assure timely filing with the court. Garraway v. Broome County, 2006 WL 931729, at *3 (N.D.N.Y. Apr. 7, 2006).

Plaintiff's proof of service document was sworn to, signed by Plaintiff on July 13, 2007, placed in a First Class postage paid correctly addressed envelopes and placed in the institutional mail box at his correctional institution. The ten day time limit for filing a Rule 59(e) motion had not expired on that date because the intermediate Saturdays and Sundays are excluded where the time period allowed is less than eleven days. (Rule 6(a) Fed.R.Civ.P. Ergo, Plaintiff's Rule 59(e) motion was timely filed.

While some courts hold that a Rule 59(e) motion to alter or amend the judgment can be brought only after a trial, "[m]ost courts, however, including those in this circuit, allow a motion to amend a grant of summary judgment to be brought under Rule 59(e)." Patel v. Lutheran Medical Center, Inc., 775 F.Supp. 592, 596 (E.D.N.Y.1991)

Rule 59(e) is not an appropriate vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided, USA Certified Merchants, LLC v. Koebel, 273 F. Supp.2d 501, 503 (S.D.N.Y.2003); Griffin Industries, Inc. v.. Petrojam, Ltd., 72 F. Supp.2d 365, 368 (S.D.N.Y.1999), or to advance " 'new facts, issues or arguments not previously presented to the court.' " Wechsler v. Hunt Health Systems, Ltd., 186 F. Supp.2d 402, 410 (S.D.N.Y.2002). In other words, "[a] party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" Polsby v. St. Martin's Press, Inc., 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000). Thus, Rule 59(e) should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been

3

considered fully by the Court," <u>Williams v. New York City Department of Corrections,</u>  9 F.R.D. 78,  83 (S.D.N.Y. 2003), and "to prevent the rule from being used as a substitute for appealing a final judgment." <u>USA Certified Merchants,</u> 273 F. Supp.2d at 503.

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." ' <u>Montanile v. National Broadcasting Company</u>, 216 F. Supp.2d 341, 342 (S.D.N.Y.2002) (quoting In re <u>Health Management Systems Inc. Securities. Litigation.</u>, 113 F. Supp.2d 613, 614 (S.D.N.Y.2000)).

In his motion for reconsideration, Plaintiff does not assert that this court overlooked or misapplied any controlling legal authority. Rather, he seeks to relitigate the same issues presented to this court before when he objected to the Magistrate Judge's Report and Recommendation. The strict requirements for reconsideration under Rule 59(e) are specifically designed to preclude this type of reargument.  <u>Sutherland v. New York State Department of Law</u>,  1999 WL 600522, at *1 (S.D.N.Y. Aug. 10, 1999), "A Rule 59(e) motion is a not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved."

Accordingly, the Plaintiff's motion for reconsideration is denied.

It is so ORDERED:

Dated:  March 28, 2008
          Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge